IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JUST TRUST SOLUTIONS,
INC., ET AL.

    v.     :    Civil Action No. DKC 10-0883

BUCHANAN INGERSOLL &
ROONEY, P.C., ET AL.

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this malpractice case are (1) Defendants' partial motion to dismiss and/or strike Plaintiffs' complaint (Paper 19), and (2) Plaintiffs' motion to remand. (Paper 22). The issues are briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiffs' motion to remand will be granted.

**I. Background**

This case arises from the creation of an employee stock ownership plan ("ESOP") by Defendants Buchanan Ingersoll & Rooney, P.C. and Louis H. Diamond, for Plaintiffs Just Trust Solutions, Inc and Jose Tenembaum.[1] Plaintiffs allege that the United States Department of Labor investigated the ESOP and found that it violated provisions of the Employee Retirement

---

[1] Defendants admit they created the ESOP for Plaintiffs, and that Defendant Louis H. Diamond was a licensed attorney at the time of creation. (Paper 20 ¶ 6).

Income Security Act ("ERISA"). (Paper 1 ¶ 24). They claim that as a result of these violations they incurred approximately $100,000 in damages and that the Department of Labor referred them to the Internal Revenue Service where they will likely incur further taxes and penalties. (*Id.* at ¶¶ 23, 34). Defendants deny that the ESOP violated ERISA. (Paper 2 ¶ 24).

On or about February 22, 2010, Plaintiffs filed a complaint against Defendants in the Circuit Court for Montgomery County, Maryland, alleging four counts: (1) Legal Malpractice; (2) Negligence; (3) Breach of Contract; and (4) Declaratory Judgment. On April 9, 2010, Defendants removed the case to this court of the basis of federal question jurisdiction. (Paper 1). On April 30, 2010, Defendant filed a partial motion to dismiss and/or strike Plaintiffs' complaint. (Paper 19). On May 7, 2010, Plaintiffs filed a motion to remand for lack of subject matter jurisdiction. (Paper 22).

**II. Motion to Remand**

    **A. Standard of Review**

It is well settled that the removing party bears the burden of proving proper removal. *Greer v. Crown Title Corp.*, 216 F.Supp.2d 519 (D.Md. 2002)(citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). On a motion to remand, the court must "strictly construe the removal statute

and resolve all doubts in favor of remanding the case to state court," which is indicative of the reluctance of federal courts "to interfere with matters properly before a state court." *Richardson v. Phillip Morris Inc.*, 950 F.Supp. 700, 701 (D.Md. 1997)(internal quotation marks omitted).

**B. Analysis**

Plaintiffs contend that this case should be remanded because the claims arise under state law and do not implicate any substantial and disputed federal question. (Paper 22, at 4). They maintain that Defendants admitted that the ESOP violated ERISA, and that the federal statute is therefore not at issue in the case. They further contend that even if the violations are disputed, the relevant ERISA provisions are straightforward and therefore any required ERISA analysis does not present a substantial question of federal law. (*Id.* at 6)

Defendants respond that the ESOP did not violate ERISA, and that they never admitted otherwise. (Paper 27, at 4). They argue that Plaintiffs will have to confirm the violations in order to establish the state law claims, and that this determination introduces a substantial question of federal law into the case.

Removal jurisdiction is proper only if the action originally could have been brought in the district court.

*Caudill v. Blue Cross & Blue Shield of N.C.*, 999 F.2d 74 (4th Cir. 1993). The removal statute states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .

28 U.S.C. 1441(a). Pursuant to 28 U.S.C. § 1331, federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction arises only from "those cases in which a well-pleaded complaint establishes either that federal law creates a cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 27-28 (1983). The Supreme Court of the United States summarized the relevant inquiry in *Grable & Sons Metal Prods., Inc v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005): "[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."

4

In *Custer v. Sweeney*, 89 F.3d 1156, 1168 (4th Cir. 1996), the United States Court of Appeals for the Fourth Circuit considered whether an interpretation of ERISA's fiduciary duty provisions created federal subject matter jurisdiction over an otherwise state law legal malpractice claim. Custer alleged that Sweeney, legal counsel to the Sheet Metal Workers' National Pension Fund, committed legal malpractice in its representation of the pension plan and that he had violated fiduciary duties imposed by ERISA. *Id.* at 1160. The court found that the plaintiff's legal malpractice claim did "not implicate in any significant way the federal policies that Congress sought to promote in enacting ERISA." *Id*. at 1169. The court declined to find that ERISA preempted legal malpractice claims because "the logic of such a holding would sweep into federal court a wide range of professional malpractice claims . . . that allege the provision of negligent advice about the requirements of federal law." *Id.* at 1167. The court further explained that "the possibility that state courts may incorrectly or inconsistently interpret ERISA's fiduciary duty provisions in the context of malpractice claims . . . does not militate in favor of the exercise of federal subject matter jurisdiction in such cases." *Id.* at 1169.

Here, Plaintiffs bring state law negligence, breach of contract, and legal malpractice claims and allege that Defendants breached their reasonable professional duties by drafting an ESOP that violated ERISA. To decide Plaintiffs' claims, the court will have to determine whether the ESOP actually violated the relevant ERISA provisions. Nevertheless, like the malpractice claim in *Custer*, Plaintiffs' claims do not implicate in any significant way the federal policies that Congress sought to promote in enacting ERISA. Whether the ESOP at issue included an acceleration clause is an issue of fact, and whether ERISA prohibits the use of acceleration clauses in this type of ESOP loan transaction is not a "substantial" federal question of law giving rise to federal question jurisdiction.

Defendants rely on *Air Measurement Technologies, Inc. v. Akin Gump Strauss Hauer & Feld, L.L.P.*, 504 F.3d 1262 (Fed.Cir. 2007), and *Immunocept, LLC v. Fulbright & Jaworksi, LLP*, 504 F.3d 1281 (Fed.Cir. 2007), to support their contention that *Custer* does not control in this case. In *Air Measurement Technologies* and *Immunocept*, the United States Court of Appeals for the Federal Circuit found that there was federal subject matter jurisdiction over attorney malpractice claims that involved patent law disputes. The present case is clearly

distinguishable because the underlying federal question concerns ERISA, not patent law. A number of courts have found that, unlike most issues of federal law that arise in attorney malpractice claims, there is a special interest in having patent law issues resolved in federal court because patent law is an area of exclusive federal jurisdiction. *See Singh v. Duane Morris LLP*, 538 F.3d 334 (5th Cir. 2008)(remanding case where underlying federal issue concerned trademark); *Steele v. Salb*, 681 F.Supp.2d 34 (D.D.C. 2010)(remanding case where underlying federal issue concerned Title VII). Furthermore, in *Singh*, the United States Court of Appeals for the Fifth Circuit found that the court in *Air Measurement Technologies* failed to address the significant concern that granting federal question jurisdiction over legal malpractice claims would disturb the congressionally approved balance of federal and state judicial responsibilities. *Singh*, 538 F.3d at 340. Courts from various circuits have declined to follow *Air Measurement Technologies,* noting this same concern. *See Paulet v. Farlie, Turner & Co.*, No. 10-21021-CIV, 2010 WL 2232662 (S.D.Fla. 2010); *Roof Technical Servs., Inc. v. Hill*, 679 F.Supp.2d 749 (N.D.Tex. 2010); *Warrior Sports, Inc. v. Dickinson Wright, P.L.L.C.*, 666 F.Supp.2d 749 (E.D.Mich. 2009). Here, the federal law at issue is not under exclusive federal jurisdiction, and the federalism concerns addressed by

7

*Singh* are clearly present.  Therefore, Plaintiffs' motion to remand will be granted.

### III. Partial Motion to Dismiss and/or Strike Plaintiffs' Complaint

Because the court does not have subject matter jurisdiction over Plaintiffs' complaint, the court will decline to rule on this motion so that the state court may consider it.

### IV. Conclusion

For the foregoing reasons, Plaintiffs' motion to remand will be granted.  A separate Order will follow.

```
                              /s/
```
DEBORAH K. CHASANOW
United States District Judge